UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO JOSEPH RANGEL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH GILE, et al.,<br><br>　　　　　　　　Defendant. | Case No. 5:17-cv-01267-SJO (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO KEEP COURT INFORMED OF CURRENT ADDRESS AND FAILURE TO PROSECUTE** |

## I.　　BACKGROUND AND SUMMARY OF ORDER

On June 23, 2017, Plaintiff Leonardo Joseph Rangel ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Compl.") against San Bernardino County Deputy Sheriffs Joseph Giles, Lopez, and Hogue ("Defendants"), alleging violations of the First, Fourth, Fifth, Sixth, and Eighth Amendments of the U.S. Constitution. Electronic Case Filing Number ("ECF No.") 1, Compl. Defendants filed a Motion to Dismiss on January 19, 2018. ECF No. 15, Ntc. of Mot. and Mot. to Dismiss Case ("MTD"). On August 21, 2018, the Court granted Defendants' MTD in part, without prejudice and with leave to amend, because Plaintiff failed to state claims for First, Fifth, Sixth, and Eighth Amendment violations upon which relief could be granted, and because the official capacity claims against

Defendants were barred under the Eleventh Amendment of the U.S. Constitution. ECF No. 21, Order Granting In Part And Denying In Part Defendants' Motion to Dismiss ("Order") at 10-16. However, the Court found that Plaintiff sufficiently alleged a Fourth Amendment violation for use of excessive force. Id. at 9-10. Plaintiff was instructed to file an amended complaint within 21 days of the order or, in the alternative, to submit a Notice of Dismissal if Plaintiff no longer wished to pursue the case. Id. at 16-18.

On September 10, 2018, the copy of the Order mailed to Plaintiff was returned to the Court as undeliverable with no forwarding address provided. ECF No. 22, Returned Order. Plaintiff has not provided the Court with a new address at which to contact Plaintiff. Consequently, Plaintiff did not subsequently file an amended complaint, request an extension of time to file an amended complaint, or file a Notice of Dismissal.

In light of Plaintiff's failure to provide the Court with his current address and his failure to prosecute this matter diligently, the Court **DISMISSES** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b), without prejudice, for violating Local Rule 41-6 by failing to properly inform the Court of Plaintiff's updated address and failing to prosecute this action.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Failure To Keep The Court Apprised Of His Current Address.

#### 1. Applicable Law

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012). The Ninth Circuit has also established that the "[l]ocal rules are 'laws of the United States[,]'" and are valid unless they are inconsistent with any of the federal rules. Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (citation

omitted).  Local Rule 83-2.2.3, in relevant part, states that "[a]ny person appearing pro se is required to comply with these Local Rules, and with the [Federal Rules of Civil Procedure]."  Further, Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

### 2. Analysis

Here, Plaintiff has failed to keep the Court apprised of his current address in violation of Local Rule 41-6.  See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming district court's dismissal of pro se prisoner civil rights complaint because the prisoner failed to comply with Local Rule 41-6 and failed to comply with court orders for discovery).  Accordingly, the Court dismisses this action, without prejudice.

## B. Plaintiff's Action Is Dismissed For Failure To Prosecute.

### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted).  It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v.

Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted).

### 2. **Analysis**

Here, all five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to update his address prevents the Court from communicating with Plaintiff and issuing orders that affect his ability to properly pursue this case. For example, the Court presented Plaintiff with the option to file an amended pleading within 21 days. However, because Plaintiff did not inform the Court about his change of address, he did not receive the Order and consequently could not exercise the option. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, Defendants have been served and timely filed a Motion to Dismiss. Consequently, Defendants have been presumptively been prejudiced.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory

and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility of notifying the Court of his current address in violation of Local Rule 41-6. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his participation or compliance to the Court's orders. Plaintiff's refusal to comply with this Court's Orders and the Local Rules forces a conclusion that Plaintiff has abandoned this action. Nonetheless, because Plaintiff has stated a viable cause of action in his Complaint, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to pursue his legal claim. Consequently, no less drastic sanctions are available here.

Accordingly, because the consideration of the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for the additional reason that Plaintiff has failed to prosecute this action.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: 9/26/18

_____
HONORABLE S. JAMES OTERO  United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

5