UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:17-cv-01267-VBF-SHK | Date: | November 17, 2020 |
| Title: | *Leonardo Joseph Rangel v. Joseph Gile, et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed For Failure to Comply With Court Orders

### I. BACKGROUND

On June 23, 2017, Plaintiff Leonardo Joseph Rangel ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] his Complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against Deputy Sheriff Joseph Giles[2], Deputy Lopez, and Deputy Hogue (collectively "Defendants"), in both their individual and official capacities. Electronic Case Filing Number ("ECF No.") 1, Compl.

On October 23, 2017, the Court issued an Order To Show Cause As To Why Action Should Not Be Dismissed ("OSC") for failing to timely file a Notice of Service of Summons on each named Defendant. ECF No. 8, OSC. On January 8, 2018, Plaintiff filed a Proof of Service ("POS") for each named Defendant; however, the POSs did not include a summons and did not

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

[2] Plaintiff refers to Defendant's name as "Gile," but Defendant's responsive pleading indicates that the proper spelling is "Giles." See ECF No. 15, MTD at 1.

make clear that service was made by private process servers instead of the United States Marshal Service ("USMS"). ECF Nos. 12-14, POSs.

In response, Defendants filed their first Motion to Dismiss ("First MTD"), which argued, among other things, that service was untimely, that Plaintiff failed to seek a summons from the Court, and that Defendants were not properly served a summons pursuant to Federal Rule of Civil Procedure 4. ECF No. 15, First MTD at 8-10. Plaintiff filed an Opposition to the MTD ("Opposition" or "Opp'n") and requested appointment of counsel. ECF No. 20, Opp'n at 1. On August 21, 2018, the Court granted in part and denied in part Defendants' First MTD, granted Plaintiff leave to amend his Complaint, and denied Plaintiff's request for appointment of counsel. ECF No. 21, Order re MTD at 1-2.

Plaintiff failed to file a First Amended Complaint ("FAC") by the deadline designated in the Court's August 21, 2018 Order, so the Court dismissed the action for failure to prosecute.[3] ECF No. 23, Order re MTD at 3-5; ECF No. 24, Judgment. Plaintiff then sought relief from the Judgment, ECF No. 30, Mot. to Reconsider, and the Court granted relief and reopened the case on March 7, 2019, ECF No. 31, Order Granting Relief From Judgment.

On April 23, 2019, Plaintiff constructively filed his FAC, ECF No. 37, FAC, and Defendants filed a second MTD ("Second MTD"), ECF No. 38, Second MTD. On March 18, 2020, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") addressing Defendant's Second MTD and Plaintiff's FAC. ECF No. 50, R&R. On May 7, 2020, the Court withdrew its R&R, ECF No. 52, Withdrawal of R&R, and on May 12, 2020, the Court issued an Amended R&R that granted in part Defendants' Second MTD, ECF No. 53, Am. R&R; ECF No. 55, Order Accepting Am. R&R. Specifically, the Court dismissed without prejudice Plaintiff's claims against Defendants in their official capacity, dismissed without prejudice Plaintiff's conspiracy claims, and dismissed with prejudice Plaintiff's claims brought under 18 U.S.C. §§ 241, 242. ECF No. 53, Am. R&R at 1-2; ECF No. 55, Order Accepting Am. R&R at 1-2. However, the Court permitted Plaintiff to proceed with his claims under the California Government Claims Act and under the Fifth, Sixth, and Eight Amendments, as well as his claims under the Fourth Amendment against Defendants in their individual capacities. ECF No. 53, Am. R&R at 1-2; ECF No. 55, Order Accepting Am. R&R at 2. The Court granted Plaintiff sixty days from August 28, 2020 to properly serve Defendants. As of the date of this Order, Plaintiff has not filed any POSs.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), the Court may dismiss an action with prejudice for failure to prosecute or failure to comply with any court order. See Fed. R. Civ. P. 41(b).

---

[3] The Court also received returned mail from Plaintiff's address, so the Court also dismissed the action for failure to keep the Court informed of Plaintiff's current address and entered judgment. See ECF No. 23, Order re MTD; ECF No. 24, Judgment.

Here, Plaintiff has failed to file POSs for each Defendant, and has thus failed to comply with the Court's August 28, 2020 Order.  Consequently, under Rule 41(b), the Court may properly dismiss the instant action with prejudice for failure to comply with a court order.  Before dismissing this action, however, the Court will afford Plaintiff an opportunity to explain his failure to file POSs on Defendants.

### III.  ORDER

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to comply with the Court's Order.  Plaintiff shall have up to and including **December 8, 2020**, to respond to this Order.  **Plaintiff is cautioned that failure to timely file a response to this Order will be deemed by the Court consent to the dismissal of this action with prejudice.**

**IT IS SO ORDERED.**